UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>DANIEL L. KIDWELL,<br><br>      Defendant. | CIV. NO. 2:16-433 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE: MOTION</u><br><u>FOR SUMMARY JUDGMENT</u> |

----oo0oo----

The United States brought this action against defendant Daniel L. Kidwell, arising out of defendant's failure to fully pay federal taxes assessed against him. The United States now moves for summary judgment against Kidwell pursuant to Federal Rule of Civil Procedure 56. (Pl.'s Mot. (Docket No. 12-1).)

I. <u>Factual and Procedural History</u>

This case arises out of defendant's failure to fully pay his self-reported employment tax liabilities for the tax

1

periods ending on September 30, 2004, and December 31, 2004. During the applicable time, defendant owned and operated Kidwell Glass, and he employed several people through this business. Defendant was required to file Form 941, Employer's Quarterly Federal Tax Return, for the periods at issue.

A Form 941 for the period ending September 30, 2004, was filed on April 4, 2005, and a Form 941 for the period ending December 31, 2004, was filed on January 31, 2005.[1]  (Stevko Decl., Ex. 1 ("Sept. 30 Form 4340") at 1; Ex. 2 ("Dec. 31 Form 4340") at 1 (Docket No. 12-4).)  Based on the amounts reported in the Forms 941, the IRS assessed employment tax liabilities against defendant on March 28, 2005, and May 23, 2005.  (Sept. 30 Form 4340 at 1; Dec. 31 Form 4340 at 1.)  As of January 9, 2017, defendant has an outstanding tax balance of $96,532.44.[2]  (See Swain Decl., Exs. E-F (Docket No. 12-6).)

The United States initiated this action on March 1, 2016, seeking to reduce defendant's remaining federal tax assessment to judgment.  (Docket No. 1.)  In his Answer, defendant alleges that the statute of limitations bars the United States' recovery.  (Answer ¶ 17 (Docket No. 5).)  The United States now moves for summary judgment.  (Pl.'s Mot.)

II.  Legal Standard

Summary judgment is proper "if the movant shows that

---

[1] Accountant Linda Kendall and Kidwell Glass's business secretary Lorraine Silvera prepared all tax forms. (Luoma Decl., Ex. A ("Kidwell Dep.") 30:7-31:22 (Docket No. 13-3).)

[2] The total amount includes an assessed tax liability and accrued, but unassessed, penalties and interest. (See Swain Decl. ¶ 24 (Docket No. 12-5).)

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial.  Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)).  The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Id. at 255.  "Credibility determinations, the weighing of the evidence,

and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

III. Discussion

    A.   Reducing Tax Liabilities to Judgment

The United States first moves for summary judgment on its sole claim to reduce defendant's tax liabilities to judgment. "In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due" and providing a "minimal factual foundation" for the assessment. Oliver v. United States, 921 F.2d 916, 919-20 (9th Cir. 1990); see United States v. Janis, 428 U.S. 433, 440-41 (1976); Genry v. United States, 962 F.2d 555, 557 (6th Cir. 1992).

The United States submits IRS Certificates of Assessments and Payments ("Forms 4340") as proof that the United States assessed taxes against defendant. A Form 4340 is "probative evidence in and of itself and, 'in the absence of contrary evidence, is sufficient to establish that notices and assessments were properly made.'" Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992)); see United States v. Wright, Civ. No. 2:94-1183 EJG GGH, 1994 WL 715870, at *7-8 (E.D. Cal. Oct. 25, 1994) (finding Form 4340 satisfied the government's burden at summary judgment of the defendant's tax liability amount); see also United States v. Scharringhausen, 226 F.R.D. 406, 411 (S.D. Cal. 2005) ("Forms 4340 are admissible as self-

4

1  authenticating official records." (citing Hughes, 953 F.2d at
2  540)).

3  Here, the Form 4340 for the tax period ending September 30, 2004, indicates an assessed tax liability of $32,239.26. (Sept. 30 Form 4340 at 4.)  The Form 4340 for the tax period ending December 31, 2004, indicates an assessed tax liability of $24,115.94.  (Dec. 31 Form 4340 at 4.)  Defendant thus has a total assessed tax liability of $56,355.20.  Defendant admits that he owned a business subject to employment tax, he had employment tax liability, and he did not pay all of his employment tax liability for these periods.  (See Answer ¶ 5; Stevko Decl., Ex. 4 2:15-18.)  Thus, the United States has established its prima facie case through its presentation of Forms 4340 and minimal evidentiary foundation.  See Hardy v. Comm'r, 181 F.3d 1002, 1005 (9th Cir. 1999).

Defendant is also liable for interest and penalties accruing on his tax liabilities.  Mandatory interest accrues on federal employment tax liabilities until the taxpayer pays the liability in full.  See 26 U.S.C. §§ 6601(a), 6621, 6622(a); 28 U.S.C. § 1961(c); Purer v. United States, 872 F.2d 277, 277 (9th Cir. 1989) ("[I]nterest on tax deficiencies [is] to be determined by reference to a floating rate and compounded daily.").  Therefore, the government is entitled to judgment for defendant's assessed liability on the Forms 4340 and any previously unassessed statutory additions that have accrued after the assessments.  See United States v. Saruvin, 507 F.3d 811, 816 (4th Cir. 2007) ("Although establishing the amount of tax liability is a matter of evidence, the amount of interest accrued

on such tax liability is a matter of law.").

As of January 9, 2017, defendant has an outstanding balance, including statutory unassessed interest and penalties, of $54,773.81 for the tax period ending September 30, 2004, and an outstanding balance of $41,758.63 for the tax period ending December 31, 2004.  (See Swain Decl., Exs. E-F (Docket No. 12-6).)  This is a total tax liability balance of $96,532.44.  Defendant does not dispute the accuracy of this amount.  Because the United States proved the amount of tax assessment defendant owes, the court must grant the government's request to reduce defendant's tax liability to judgment unless the statute of limitations bars the suit.

B.   Statute of Limitations

Plaintiff next moves for summary judgment on defendant's sole affirmative defense that plaintiff did not file this action within the applicable statute of limitations.

Section 6502(a) of the Internal Revenue Code provides that the statute of limitations for collection of a tax is ten years after the assessment of the tax.  26 U.S.C. § 6502(a).  The ten year statute of limitations period is "suspended for the period during which the [IRS] is prohibited . . . from making a levy."  Id. § 6331(i)(5).  The IRS cannot levy a tax while an offer-in-compromise is pending and for thirty days after any rejection or appeal of the rejection.  Id. § 6331(k)(1).  "[A]n offer is pending beginning on the date the [IRS] accepts such offer for processing."  Id.  Thus, the statute of limitations tolls while an offer-in-compromise is pending and for thirty days after any rejection of the offer by the IRS.  See id. §§

6

1  6331(i)(5), (k)(1), 6502(a).

2  IRS assessment documents, such as Form 4340, "are
3  normally entitled to a presumption of correctness." Palmer v.
4  IRS, 116 F.3d 1309, 1312 (9th Cir. 1997). According to the Forms
5  4340, an offer-in-compromise was pending on December 21, 2006,
6  and was "rejected, returned, [and] terminated" on December 7,
7  2007. (Sept. 30 Form 4340 at 2; Dec. 31 Form 4340 at 2.) The
8  offer was pending for a total of 351 days. (See Swain Decl. ¶
9  9.) After the tolling the statute of limitations for 351 days
10 plus 30 days from denial of the offer to compromise, 26 U.S.C. §
11 6331(k)(1), the United States had to file suit within 11 years
12 and 16 days of the tax assessment.

13 The tax for the period ending on September 30, 2004,
14 was assessed on May 23, 2005. (Sept. 30 Form 4340 at 1.) The
15 tolled statute of limitations for that period expired on June 8,
16 2016. The tax for the period ending December 31, 2004, was
17 assessed on March 28, 2005. (Dec. 30 Form 4340 at 1.) The
18 tolled statute of limitations for that period expired on April
19 13, 2016. The United States filed suit on March 1, 2016, which
20 is within the statute of limitations for both periods at issue.
21 (See Compl.)

22 Defendant argues that there is a triable issue of
23 material fact as to whether he submitted an offer-in-compromise.
24 However, all of the deposition testimony that defendant points to
25 states that defendant and his agents could not recall whether
26 defendant submitted an offer-in-compromise. Defendant testified
27 that he did not handle the taxes for the business, he "would only
28 be guessing" whether an offer-in-compromise was filed, and it was

7

1 "a possibility" that his accountant filed an offer for him.
2 (Kidwell Dep. 64:17-65:21.)  Defendant's accountant, Ms. Kendall,
3 stated that she "didn't even remember [they] did an offer for
4 [defendant]."  (See Luoma Decl., Ex. B 52:5-8 (Docket No. 13-3).)
5 Defendant's business secretary, when asked whether she was aware
6 that defendant made an offer-in-compromise, admitted that she was
7 not the person who was corresponding with the IRS and was "not
8 aware of an Offer in Compromise that [Ms. Kendall] would have
9 made."  (Id., Ex. C 48:6-49:10.)

10 One's "lack of memory concerning . . . offers-in-
11 compromise does not create an issue of fact precluding summary
12 judgment."  United States v. Resnick, No. 10 CV 3976, 2012 WL
13 1080221, at *3 (N.D. Ill. Mar. 29, 2012) (holding taxpayer could
14 only controvert evidence of an offer-in-compromise in IRS
15 documents if there is "some evidentiary support for that
16 denial").  Defendant's only certain statements regarding the
17 offer-in-compromise are his admissions that "[a]n offer in
18 compromise was filed with the [IRS] for some periods."  (Stevko
19 Decl., Ex. 4 2:25-3:2; see also Stevko Decl. 2, Ex. 1 2:5-14
20 (Docket No. 14-2) (defendant's initial disclosures discussing
21 persons with knowledge of an offer-in-compromise).)  The
22 uncertain statements by defendant and his agents, without more,
23 are insufficient to overcome the presumptive correctness of the
24 offer-in-compromise dates on the Forms 4340.

25 Defendant further argues that the United States
26 committed spoliation because it destroyed files associated with
27 defendant's case and cannot produce the original offer-in-
28

8

1  compromise letters.³  (Def.'s Opp'n 5:25-6:12 (Docket No. 13);
2  see Luoma Decl., Ex. F.)  Defendant cites to no authority
3  indicating that the government must provide the original offer-
4  in-compromise letter to prove the dates an offer-in-compromise
5  was pending or denied.  To the contrary, several courts have
6  recognized that the offer-in-compromise dates listed on a Form
7  4340 are presumptively correct and are evidence that an offer-in-
8  compromise was actually pending on those dates.  See United
9  States v. Meehan, 530 Fed. App'x 155, 156 (3d Cir. 2013) (holding
10 offer-in-compromise dates on Form 4340 established that an offer-
11 in-compromise was pending on those dates); United States v.
12 Sullivan, Civ. No. 2:12-CV-72, 2013 WL 709222, at *5 n.7 (D. Vt.
13 Feb. 27, 2013) ("Just as [Form 4340] is ascribed presumptive
14 validity, the dates of the . . . offers-in-compromise found in
15 the IRS 4340 forms are also presumed correct."); cf. United
16 States v. Capriotti, Civ. No. 1:11-847 SAB, 2013 WL 1563214, at
17 *11-12 (E.D. Cal. Apr. 12, 2013) (finding the dates listed on
18 Form 4340 were sufficient to establish that the assessment was
19 made within the limitations period).  Defendant puts forth no
20 evidence suggesting the Forms 4340 are incorrect.  Thus, the
21 dates on the Forms 4340 are presumed correct and defendant's
22 spoliation argument fails.
23        Defendant includes a related argument--that the offer-
24 in-compromise was actually for a tax liability owed by Ms.
25 Silvera and not for defendant's tax liability, and thus the

---

³ Neither party disputes that the IRS destroyed the administrative files for the periods of September 30, 2004, and December 31, 2004, according to the IRS's standard Records Retention Schedules.  (See Luoma Decl., Ex. F.)

9

statute of limitations never tolled.  For the court to draw this inference, it would need to assume that the IRS erroneously entered the offer-in-compromise into the wrong person's IRS file, listed the wrong dates that the offer was pending and terminated, and erroneously entered the offer for a different type of tax liability.  For example, the government received Ms. Silvera's offer-in-compromise on July 17, 2006, and the offer was pending on August 3, 2006.  (See Luoma Decl., Ex. E at 1, 4.)  This was over four months before the offer-in-compromise at issue in defendant's case was pending.  (See Sept. 30 Form 4340; Dec. 31 Form 4340.)  The record does not sufficiently support defendant's assertion that the offer-in-compromise on the Forms 4340 is actually attributable to Ms. Silvera as to overcome the presumptive validity of the dates on the Forms 4340.  See Sullivan, 2013 WL 709222, at *5 n.7.  Thus, this argument fails.

Defendant lastly argues that the IRS placed his liabilities into "currently not collectible" status, which prevents the statute of limitations from tolling.  Defendant has put forth no evidence indicating if, or when, the IRS placed him into currently not collectible status.  Further, currently not collectible status does not prevent a party from also submitting an offer of compromise.  Doubt as to the collectability of the full amount of tax liability is one of the IRS's listed grounds for compromise.  See 26 C.F.R. § 301.7122-1(b)(2).

Because the Forms 4340 list the dates that there was a pending offer-in-compromise and defendant has not created a triable issue of material fact as to the tolling or expiration of the statute of limitations, the United States filed this action

before the statute of limitations expired.  Accordingly, the court must grant plaintiff's motion for summary judgment as to defendant's statute of limitations affirmative defense.

IT IS THEREFORE ORDERED that plaintiff United States' motion for summary judgment be, and the same hereby is, GRANTED.

Judgment shall be entered against defendant in the amount of $96,532.44 plus any associated penalties, fines, and interest that will continue to accrue daily from January 9, 2017, until paid in full.

Dated:   February 22, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11